ENOCH R. SMITH *vs.* JOHN V. SAWYER et als.

Washington.    Opinion December 4, 1911.

*Adverse Possession.    Prescription.    Use or Occupation.    Trespass.    Action.    Title.*
*Presumptions.*

Where the plaintiff claimed title by adverse possession to a certain lot of 100
acres which was unenclosed and a part of a large tract of 400 or 500 acres,
all of which was unimproved, except a small portion of meadow which
produced hay, and had a small quantity of wood or lumber growing upon
it, and produced blueberries in considerable quantities, and had never
been personally and exclusively possessed by any one, *held* that the acts
of the plaintiff in occasionally cutting a little hay or firewood or burning a
portion for berries or gathering berries were insufficient to establish title
by adverse possession.

Record title arising from a quitclaim deed from one who received a warranty
deed in 1856 prima facie shows ownership of the land, permitting recovery
against a mere trespasser or one who cannot show better title, though the
original grantor had no title.

A deed from the Commonwealth of Massachusetts, executed in 1788, is not
defective as a basis for record title for want of showing of authority of the
legislative committee to execute it, where the deed recites authority under
legislative resolves which are a matter of public record.

A presumption of correctness attaches to official proceedings, and, when
those proceedings have stood unimpeached for over a century and have
been recorded in the public archives of two states, they should not be set
aside without positive proof of their invalidity.

On exceptions by plaintiff.    Overruled.

Action of trespass quare clausum fregit in which the plaintiff
alleged that the defendants broke and entered a certain lot of land
and took and carried away therefrom certain wood which had been
cut thereon by the plaintiff.    Plea, the general issue with a brief
statement claiming title to the land.    At the conclusion of the evi-
dence, the presiding Justice ordered a verdict for the defendants and
the plaintiff excepted.

The case is stated in the opinion.

*A. D. McFaul, John F. Lynch, and William R. Pattangall,* for plaintiff.

*O. H. Dunbar, and H. H. Gray,* for defendants.

SITTING:　WHITEHOUSE, C. J., SAVAGE, CORNISH, BIRD, HALEY, JJ.

CORNISH, J.　This is an action of trespass to recover damages from the defendants for entry upon a certain lot of unimproved land, and carrying away a quantity of cord wood that had been cut by the plaintiff.

At the conclusion of the evidence the presiding Justice ordered a verdict for the defendants "upon the agreement and stipulation on the part of the defendants that if this order is overruled by the Law Court, the Law Court are authorized to render judgment for the plaintiff in the sum of thirty-six dollars." The case is before this court on plaintiff's exceptions to this order.

The plaintiff bases his right of recovery upon both adverse possession and record title. A painstaking examination and study of the evidence fails to prove such an open, continuous, exclusive and adverse occupation on the part of the plaintiff and his predecessors for twenty years or more as ripened into title by prescription. This lot of one hundred acres was unenclosed and part of a larger tract of four or five hundred acres known as the Mitchell Block, all of which was unimproved except a small portion of meadow which produced hay. It had a small quantity of wood or lumber growing upon it and has also produced blueberries in considerable quantities. It has never been personally and exclusively possessed by any one, and the acts of the plaintiff in occasionally cutting a little hay or fire wood or burning a portion for berries, or gathering berries, are insufficient to meet the law's demand on adverse possession. *Chandler* v. *Wilson,* 77 Maine, 76; *Hudson* v. *Coe,* 79 Maine, 83.

The plaintiff's record title begins with a warranty deed of this and other land from Benjamin Mitchell to William P. J. Cumings,

Aaron Kelley and Darius D. Kelley dated April 26, 1856. Aaron Kelley and Darius D. Kelley, conveyed their two-thirds interest undivided to George E. Watts by warranty deed, dated February 2, 1882; and George E. Watts conveyed to the plaintiff his right, title and interest in the lot in question by quitclaim deed dated January 16, 1883.

It is not shown that Benjamin Mitchell the original grantor in this chain, ever had any title whatever to the premises. But a warranty deed to one from whom the plaintiff has a quitclaim is sufficient prima facie evidence of ownership to permit recovery against a mere trespasser or against one who cannot prove a better title. *Rand* v. *Skillin*, 63 Maine, 103. *Ripley* v. *Trask*, 106 Maine, 547. Under the evidence in this case the plaintiff's prima facie claim is made out.

But the defendant sets up in himself what he claims to be an older and a better record title than the plaintiff's. This begins with a warranty deed dated March 22, 1788, from the Commonwealth of Massachusetts through a committee of the General Court appointed under resolves dated October 24, 1783 and November 6, 1783, to John C. Jones and others, followed by a warranty deed from Rufus K. Porter, agent for Proprietors John C. Jones and others to William Mitchell, dated September 19, 1843, both deeds conveying the tract in question and much more follows by a deed from Corris Leighton purporting to be one of the children and heirs at law of William Mitchell to John V. Sawyer and Oscar W. Look, dated December 19, 1903. The description in this last deed reads as follows:

"A certain tract of land (if any such title should exist at this time) situated in the town of Jonesport, and formerly known as the 'Mitchell Block,' being a surplus or gore piece, lying westerly and at the rear of the 'settlers' and shore lots, and sometimes known as the 'heater piece.' "

If there are no defects in this chain the defendants Sawyer and Look have an undivided interest in the premises and that interest is older and better than the plaintiff's.

The plaintiff attacks this record title on two points. First, he says there is no evidence that the Legislative Committee executing the deed in behalf of the Commonwealth of Massachusetts had in fact any power or authority to make the conveyance. True, no extraneous evidence was offered to prove such authority, but the deed itself recites that the authority was given by two Legislative resolves, dated respectively October 24, 1783, and November 6, 1783. Those resolves are a matter of public record and at the time of their passage the land in question was within the jurisdiction of Massachusetts, as it was thirty-seven years before the separation and organization of the State of Maine. The deed executed by the committee covered a large part of the unappropriated lands in the then county of Lincoln, its consideration was about twenty-five thousand dollars, it was at once recorded in the county of Suffolk, and later upon the incorporation of the county of Washington, was recorded in the first volume of deeds recorded in that county. Moreover not a little weight is to be attached to the fact that the parties who executed the deed were public officers and the official act of itself has some force. A presumption of correctness attaches to official proceedings and when those proceedings have stood unimpeached for over a century and have been recorded in the public archives of two States, we do not think they should be set aside without positive proof of their invalidity. *Chandler* v. *Wilson*, 77 Maine, 76, 81.

Second. The plaintiff contends that there is no evidence that Corris Leighton was one of the children and heirs at law of William Mitchell, except the recital in the deed, but in answer to questions put by plaintiff's counsel on cross examination, the defendant Look testified that after discovering from the records that one Cumings from whom he had taken a deed had no title, he obtained a deed from the Mitchell heirs and that Corris Leighton was one of those heirs.

It therefore follows that the question of adverse possession being eliminated and only that of the better record title remaining, on this issue the defendant prevails and the ruling of the presiding Justice was without error.

*Exceptions overruled.*